FILED

**NOT FOR PUBLICATION**

JUL 2 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MATTHEW JAMES SCHARBER,

Defendant-Appellant.

No.    18-30166

D.C. No. 3:17-cr-00013-TMB-1

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted June 11, 2019
Anchorage, Alaska

Before:  TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Matthew Scharber appeals the life sentence he received following his

conviction for kidnapping, carjacking, and discharging a firearm in furtherance of a

crime of violence.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in part, reverse in part, and remand for resentencing consistent with this disposition.

Scharber argues that the district court committed plain error in two ways: (1) by failing to group a carjacking count with one of the kidnapping counts, and (2) by applying a firearm enhancement to his kidnapping and carjacking offenses. Scharber did not raise these objections below, so we review for plain error. *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004); Fed. R. Crim. P. 52(b). Plain error is (1) error, (2) that is plain, and (3) affects substantial rights. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). If those conditions are met, then we may exercise our discretion to notice a forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We agree with both of Scharber's arguments and reverse and remand for resentencing.

First, with respect to grouping, U.S.S.G. § 3D1.2 states that counts "shall be grouped together into a Single Group" where they "involv[e] substantially the same harm[.]" Under § 3D1.2(b), counts involve substantially the same harm "[w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Here, the kidnapping and carjacking were part of the same scheme to abduct and punish the victims for the theft of a co-conspirator's wallet.

The carjacked vehicle belonged to the victims and was used to transport them as part of the kidnapping. The grouping requirement on the facts of this case, was plain on the face of the guidelines. The district court therefore erred by failing to group the counts, and the error affected Scharber's substantial rights and the integrity of the proceeding because it resulted in an increased guideline range. *United States v. Vargem*, 747 F.3d 724, 729 (9th Cir. 2014).

Second, with respect to double-counting, the government concedes that the district court erred by applying the firearms enhancement despite Scharber's separate firearms conviction and that the error was plain. It is equally clear that the error affected Scharber's substantial rights and the fairness of the judicial proceedings. The guideline calculation was incorrect, and a correct calculation would have yielded an offense level of 39 and a guidelines range of 262 to 327 months. Given the possibility of a dramatically reduced sentence, Scharber meets the third and fourth elements of plain error review.

Scharber makes two additional arguments, both of which we reject. First, Scharber argues that the district court erred in applying an organizer role enhancement pursuant to U.S.S.G. § 3B1.1(c). The organizer enhancement applies "[i]f the defendant was an organizer, leader, manager, or supervisor . . ." U.S.S.G. § 3B1.1(c). A co-conspirator stated that "Scharber planned to steal from [the

victims] the next time they . . . came to his residence, in order to 'make up for the theft' and to 'make it known in the neighborhood that he would take care of problems.'" There was sufficient evidence to corroborate these statements, and the district court's finding that the enhancement applied was not clear error.

Second, Scharber argues that the district court erred in applying an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. The enhancement applies if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Scharber's conduct qualifies. On his way from detention to state court, a corrections officer caught Scharber with a note referring to the victims as "rats" and indicating that they needed to be "dealt with." When the note was discovered, Scharber lied and told the corrections officer that it contained "numbers for [his] attorney." This conduct, paired with Scharber's attempt to transport the note, suggests that Scharber intended to distribute the note to a third party. That suffices to support the application of the obstruction of justice enhancement, and the district court was not required to make a specific factual finding regarding the likelihood that the victims would learn of the threat. *See United States v. Johnson*, 974 F.3d 104, 104, 106 (9th Cir. 1992).

**AFFIRMED in part, REVERSED in part, and REMANDED.**